MARÍA DE LA PAZ FRANCESCHI ET AL., Plaintiffs and Appellants, *v.* MARIO MERCADO E HIJOS, Defendant and Appellee.

No. 5748.   Argued December 14, 1932.—Decided July 19, 1933.

*F. Parra Capó, L. Tormes García,* and *F. Colón Díaz,* for appellants. *José A. Poventud* and *Alberto S. Poventud* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The firm of Antonsanti & Franceschi was composed of two partners, namely, J. Ángel Franceschi and Francisco Antonsanti. Both partners died and each was succeeded by

his heirs. The said heirs began a suit against Trujillo & Mercado. Some of the previous history of this litigation can be found in *Franceschi et al.* v. *Trujillo & Mercado,* 26 P.R.R. 436, 497, and in *Franceschi* v. *Mercado,* 269 Fed. 954. After the decision by the Circuit Court of Appeals the plaintiffs began another suit which was dismissed by the District Court of Ponce and the judgment was affirmed by this court in *Franceschi* v. *Mario Mercado & Sons,* 37 P.R.R. 556. The judgment of the District Court of Ponce on dismissing the complaint contained this pronouncement: "The complaint is dismissed with costs, disbursements, and attorneys' fees against the plaintiffs." After some other proceedings (see 41 P.R.R. 395), the attorney's fees were fixed at $10,000. At the instance of the defendant the clerk of the district court issued a writ that the said $10,000 be recovered generally (*indistintamente*) from the plaintiffs. María de la 'Paz Franceschi deposited in court $1,698; María Julia, the same amount; and Rafaela, $1,720.58; in all, $5,116.58. These amounts were deposited in court on the theory that the judgment for costs was joint (*mancomunada*) and that each succession was responsible for exactly one-half of the costs. Nothing, apparently, was paid by the succession of Antonsanti. The appellants say that there were fourteen plaintiffs in the second suit. We shall not follow all the proceedings, but the question came duly before the district court as to whether the appellants were responsible only for the amount they paid into court or for the whole amount of costs adjudged against the plaintiffs in the suit. The court took into consideration sections 328, 330, and 331 of the Code of Civil Procedure and the jurisprudence of this court in *Manrique* v. *Díaz,* 22 P.R.R. 167, and *Diego Agüeros* v. *Navarrete,* 36 P.R.R. 789. The court held in favor of a motion made by the defendant firm and ordered that the clerk issue a writ to recover the balance of the money due from certain named plaintiffs, including the appellants in this case who had made the deposit in court.

The appellants attempt to distinguish the cases of *Manrique* v. *Díaz* and *Agüeros* v. *Navarrete, supra,* and perhaps these decisions would not be absolutely binding on them. Both parties have filed elaborate briefs. The principal contention of the appellants is that the duty to pay costs is an obligation and, unless otherwise specified, every obligation, according to the Civil Code, is joint and not *in solido.*

The appellee contends, among other things, that a judgment is not a contract; that costs are imposed *ex delicto;* that the obligations imposed by a judgment are not in any sense voluntary or consensual, and that the provisions of the Civil Code scarcely apply to judgments. We are inclined to agree with most of the reasoning of the appellee.

Furthermore, the Code of Civil Procedure was taken from Idaho. As we understand it, in the American practice costs are recoverable against each and every one of the losing parties indistinctly. In the payment of costs there is no subrogation. In the statute adopted in Puerto Rico the word "costs" must be understood as used in the same sense as it was used in the state from which the statute was taken. No question could arise there that costs were recoverable as a penalty against each and every one of the plaintiffs. It also occurs to us that this suit was brought by a number of the plaintiffs individually. In the brief for the appellants they say that there were fourteen plaintiffs. The exact number is not important. The fact remains that the part of the judgment awarding costs was pronounced against all of the plaintiffs. If the appellants were right in their contention, then in any suit the obligation fixed by the judgment for costs would be divided commonly among ten, or fourteen plaintiffs, or whatever the number would be. In other words, the responsibility of each one of the plaintiffs in this case would have been about $700, supposing there were fourteen plaintiffs. So that in every case a successful litigant would have to bring a separate process against each and every one of his opponents.

Section 331 of the Code of Civil Procedure says that the court may apportion the costs, which is in favor of the idea that, in the absence of such apportionment, costs are recoverable generally. We have no question that all the costs may be recovered against each and every one of the plaintiffs, unless the court determines otherwise.

Each one of these plaintiffs chose to join in the suit and each one of them is responsible for the vexation caused to the defendant.

The order appealed from must be affirmed.